UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:16-mj-05011-NAB |
| | ) | |
| ROBERT ZENDRAN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTIONS RESPONSE IN OPPOSITION
TO THE GOVERNMENT'S MOTION FOR DETENTION**

COMES NOW Defendant Robert Zendran (hereinafter, "Zendran"), by and through his attorneys, who hereby submits the following response in opposition to the Government's motion to detain;

**Introduction**

In 2012, the Government of Poland (hereinafter, "Poland") submitted to the United States (hereinafter, "Government") a formal request to extradite Zendran, a U.S. Citizen, pursuant to the 1996 U.  In January, 2016, the Government filed the instant complain and took Zendran into custody at his home in St. Louis.  The Government seeks detention of Zendran, pending resolution of the extradition matter.

There is a presumption against bail in international extradition proceedings, as first enunciated at the turn of the 19th century by the United States Supreme Court in *Wright v. Henkel*, 190 U.S. 40, (1903).  However, the Supreme Court simultaneously acknowledged that federal courts have the capacity to release extraditees on bail.  *Id. at 63*.  To qualify for bail, the extraditee is required to make a two-part showing that "special circumstances" exist warranting the granting of bail, and that he does not constitute a flight risk.  *See e.g. United States v. Ramnath,* 533 F. Supp. 2d 662, 665 (E.D. Tex. 2008).[1]

**"Special Circumstances" Exist in the Absence of Criminal Charges**

---

[1] There is no uniformity in primacy for these elements; neither one before the other.

1

One factor that courts have considered in finding special circumstances is the existence of substantive claims which would defeat extradition on the merits.  *See In re Extradition of Nacif-Borge*, 829 F.Supp. 1210, 1216 (D. Nev. 1993).   The Government alleges that "Authorities in Poland seek the extradition of Zendran to answer criminal charges[.]"  *Government's Motion for Detention and Memorandum of Law in Support*, page 2.  Similarly, the Complaint alleges that Zendran "is charged with concealing a stolen object and of robbing Dariusz Wolniak ..." *Complaint*, page 1.  This is apparently incorrect.

The Complaint includes the official translation of a document entitled "DECISION on provisional arrest in preliminary proceedings."       The document orders "A preventive measure in the form of provisional arrest for a period of 14 (fourteen) days from the date of apprehension …"  In other words, the decision enclosed is *not* that Zendran has been charged with an extraditable offense, but rather that Zendran is sought for a period of temporary detention, which may or may not cumulate in the filing of charges.  This interpretation is supported by the document attached to the Complaint entitled "DECISION on searching for a suspect by means of an all-points bulletin," which indicates that the prosecutor's office is "supervising an investigation against" Zendran.

It is unclear if such a limited arrest warrant falls under the terms of the extradition treaty.  Article 1 of the Treaty states that the two governments will extradite "persons whom the authorities in the Requesting State seek for prosecution or have found guilty of extraditable offense."  The latter is not at issue, as there is no allegation that Zendran has been found guilty of any offense.  With regards to the former, the question becomes whether an arrest order that is temporary rises to the level of "seeking for prosecution."  If Zendran cannot be extradited, he should not be detained.

**Special Circumstances Exists In The Paucity of Evidence Presented**

Pursuant Article 9 of the Treaty, when extradition for the purposes of prosecution is sought, the request must be accompanied by "such information as would justify the committal for trial of the person if the offense had been committed in the Requested State."  There, the court is required to apply the federal standard of probable cause, requiring the Government to present competent legal evidence "to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief in the guilt of the accused."  *See In The Matter of the Extradition of Skaftouros,* 643 F.Supp.2d 535, 549 (S.D.N.Y. 2009).

It is claimed that Zendran must be extradited for investigation of the crime of "concealing a stolen object." *Complaint,* pg. 1.  According to the translation of the Polish provisional arrest decision, the allegation is that Zendran and others "acquired a VW Passat[.]"  *Id. at page 65*.  However, the complaint acknowledges "there is no evidence that Zendran stole the vehicle[.]" *Complaint*, pg. 2.

The second allegation is that Zendran directed the robbing of Dairusz Wolniak.  The evidence of Zendran's involvement consists of the interview of the two robbers nearly a decade after the event.  There is no forensic evidence, nor any corroboration of the accusations.  Neither the fruits of the crime, nor the instrumentalities of the crime, have been located.  It is difficult to imagine that such a claim would constitute the requisite quantum of proof for a U.S. court to bind over for trial.

**Delay Constitutes a Special Circumstance, as Does Evidence that Zendran Does Not Pose a Flight Risk**

The alleged crime here occurred in 1998.  The Polish government filed the initial request for extradition in 2012.  That represents a delay of 14 years.  In the case of *Wroclawski v. United States*, it was found that a twelve year delay by the government of Poland constituted special circumstances, suggesting bail.  *Wroclawski v. United States,* 634 F. Supp. 2d 1003, 1008 (D. Ariz. 2009). Most of all, the Government has delayed four years in processing the request for extradition, clearly indicating that there is no pressing need for the extradition, nor any particular concern of flight.

Special circumstances can include the fact that the extraditee does not constitute a flight risk.  *Id*.  Additionally, Zendran's activities the delay demonstrates that Zendran does not constitute a flight risk.  Zendran has been living openly in the United States for nearly two decades.  He has married and had two children.  He has become a United States citizen.[2]  The only country to which he has connections, Poland, is the one he now fights extradition to.

**Additional Considerations Suggest Bail Be Granted**

Zendran, via his family, is willing to offer a high appearance bond in the form of equity in his family home, nearly a $100,000 worth.  He is also willing to submit himself to the most significant restrictions on his liberty, short of imprisonment.  These include home confinement with electronic monitoring, the surrender of any and all passports and travel documents, and constant monitoring by Pre-Trial Services.  He has no history of criminality, neither convictions nor arrest.  He has history of drug or alcohol abuse, and no connections to other states, much less other countries (except the one he resists extradition to).

Finally, it should be noted that the presumption against bail in extradition cases is a product of a different time.  When *Wright v. Henkel* was decided, the telephone was a novelty, whereas today, an individual subject to pre-trial (or pre-extradition) monitoring can be required

---

[2] It should be noted that per the terms of the U.S. – Poland Extradition Treaty, "Neither Contracting State shall be bound to extradite its own nationals[.]"

3

to make contact on a regular basis, and can be subject to real time location monitoring.  In 1903, an individual could disappear through the simple expedient of moving and adopting a different name.  Today, identification requirements are much more vigorous.

**Conclusion**

Zendran poses no threat to public safety, no risk of flight, and presents legitimate defenses to extradition.  The requesting country, Poland, has waited more than 14 years to seek his extradition, and the Government has waited nearly 4 to act on Poland's request.  He therefore meets both requirements for overcoming the presumption against bail, and respectfully requests this Court enter an order to that effect.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By: /S/ Joel J Schwartz
JOEL J SCHWARTZ, #39066 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314)862-8050
Email: jschwartz@rsrglaw.com