UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-mj-05011-NAB |
| | ) |
| ROBERT ZENDRAN, | ) |
| | ) |
|      Defendant. | ) |

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S REQUESTION FOR DETENTION

COMES NOW Defendant Robert Zendran ("Zendran"), by and through his attorneys, and hereby submit the following supplemental memorandum in opposition to the Government's request for detention.

### I.  Introduction

On February 18, 2016, Zendran appeared in this honorable Court for a detention hearing. On March 22, 2016, this Court filed a Memorandum and Order, finding that Zendran did not pose a flight risk.  The Order further directed the parties to supplement the record with regards to whether the delay in extradition constituted a "special circumstance" that would justify the imposition of bail.

### II.  Argument
#### a.  "Delay" is paralleled by the priority attributed to the extradition

The rationale for distinguishing pretrial release in extradition cases from federal criminal cases is that extradition cases involve an overriding national interest in complying with treaty obligations. If the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives. *U.S. v. Taitz,* 130 F.R.D. 442 (S.D. Cal.1990).

The concept of delay in seeking extradition is tied to that rationale.  As the court in *In re Extradition of Chapman* stated, when granting bail, "…there is a lack of any diplomatic necessity for denying bail. Mexico has not made prosecution of this offense a priority. Mexico waited three years before bringing extradition proceedings against the Respondents, during which Respondents were living openly and notoriously, aware of the charges against them in Mexico. *In re Extradition of Chapman*, 459 F. Supp. 2d 1024, 1027 (D. Haw. 2006).

As the court has found, there is no real concern here that Zendran presents a risk to the community, or a risk of flight.  Zendran argues that that the lack of flight, which in and of itself can be a special circumstances, combines with the delay and corresponding lack of diplomatic urgency, to militate for bail.

### b.   The Delay Here is Sufficient to Qualify as a Special Circumstance

As the court noted, there has been 14 year delay between the date of the alleged crimes and the request for extradition.  The Court further notes that "the United States argues that the Polish government was not aware of Zendran's involvement in the alleged crimes until 2007[.]"  This is not necessarily true.  The Polish government issued a provisional arrest order in 2007, based on statements of alleged co-conspirators that were also made in 2007.  What was suspected of Zendran between 1998 and 2007 is unknown.

Regardless, the question then becomes whether the more than 8 year delay between 2007 and today constitutes a special circumstance.  The case of *United States v. Castaneda-Castillo* is instructive as to this matter.  In that case, the extraditee was sought on accusations of serious crimes, including murder and participation in Peru's communist insurgency.

The extraditee argued that the delay in bringing the action constituted a special circumstance.  The court found that while there had been a decades of delay, the political turmoil of the requesting country was a reasonable excuse.  However, that was not the end of the inquiry.  The court further found "…there is no explanation for the three year delay between the issuance of the Order Commencing the Investigation of a Case on May 31, 2005 and Peru's Formal Extradition Request on September 3, 2008.  Nor is there any explanation for the additional two years it took for the United States, on behalf of Peru, to actually seek Castaneda–Castillo's provisional arrest on March 9, 2010. For these five years, Castaneda–Castillo was actively pursuing his amnesty petition, and was incarcerated. If Peru wanted to locate him, he was easily found.…the only conclusion which this court can reach is that Peru has not made prosecution of this offense a priority. This factor weighs very heavily in favor of release."  *United States v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 58 (D. Mass. 2010) (internal quotations omitted).

Even accepting that suspicion did not fall on Zendran until 2007, Poland did not submit the Request for Extradition to the United States until 2012.  This is despite the fact that Poland knew as of 2007 that Zendran was not located within the country, as evidenced by the issuance of the "all points bulletin" in that year.  Upon receipt of the Request, the United States did not take action until 2016.

### III.    Conclusion

If a three year delay in seeking extradition, followed by a two year delay in acting upon the request was sufficient in *Castaneda-Castillo*, then the five year delay followed by a four year delay should equally qualify.  Zendran has been living openly and lawfully in the United States for nearly twice as long as the extraditee in *Castaneda-Castillo*, and three times as long as in *Chapman*.

Given the delay and lack of flight risk, Zendran should be given the opportunity to remain free on bail pending the resolution of the extradition.


Respectfully submitted,


ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC



By:     /S/ Joel J Schwartz
        JOEL J SCHWARTZ, #39066MO
        Attorney for Defendant
        120 S. Central Avenue, Suite 130
        Clayton, Missouri 63105
        (314) 862-4332/Facsimile (314)862-8050
        Email: jschwartz@rsrglaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:16-mj-05011-NAB |
| | ) |
| ROBERT ZENDRAN, | ) |
| | ) |
|       Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2016, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. John Ware, assistant United States attorney.